```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| HENRY M. VINCENT, | CIVIL ACTION NO. 08-1007 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| WOODS SERVICES, INC., et al., |  |
| Defendants. |  |

**THE COURT** ordering the plaintiff to show cause why the Court should not transfer the action to the United States District Court for the Eastern District of Pennsylvania (dkt. entry no. 2, Order to Show Cause ("OTSC")); and the Court, sua sponte, examining this action to recover damages under Title VII, the Age Discrimination in Employment Act ("ADEA"), and state law for employment discrimination (dkt. entry no. 1, Compl.); and the plaintiff alleging that he has exhausted all administrative remedies for the Title VII claim and ADEA claim (id. at 2); but it appearing that the defendant employer "is located in Langhorne, Pennsylvania", which is within the federal district for the Eastern District of Pennsylvania (id.); and

**IT APPEARING** that claims to recover damages under Title VII for employment discrimination must be brought in the judicial district where the (1) alleged unlawful employment practice was committed, (2) employment records relevant to such practice are maintained and administered, or (3) plaintiff would have worked

but for such practice, 42 U.S.C. § 2000e-5(f)(3); and it further appearing that the Title VII venue provision is mandatory and well-settled, thereby rendering other general venue statutes inapplicable, <u>Kabacinski v. Bostrom Seating</u>, 98 Fed.Appx. 78, 82-83 (3d Cir. 2004), <u>Ware v. Ball Plastic Container Corp.</u>, 432 F.Supp.2d 434, 438 (D. Del. 2006), <u>Fernandez v. Gonzales</u>, No. 05-265, 2006 WL 891140, at *2 (D. Del. April 5, 2006), see <u>Harding v. Williams Prop. Co.</u>, No. 96-2713, 1998 WL 637414, at *2 n.5 (4th Cir. Aug. 31, 1998) (listed as table decision at 163 F.3d 598); and it further appearing that the Title VII venue provision controls even if other claims are asserted simultaneously in an action, <u>Trawick v. Harvey</u>, No. 06-1937, 2006 WL 2372241, at *1 (E.D. Pa. Aug. 15, 2006), <u>Bragg v. Hoffman Homes</u>, No. 04-4984, 2005 WL 272966, at *2 n.1 (E.D. Pa. Feb. 3, 2005), <u>Albright v. W.L. Gore & Assocs.</u>, No. 02-304, 2002 WL 1765340, at *4 (D. Del. July 31, 2002); and thus it appearing that the plaintiff should have brought this action in the United States District Court for the Eastern District of Pennsylvania, where the defendant employer is located; and

  **THE COURT** thus advising the plaintiff of the intention to transfer the action to the Eastern District of Pennsylvania (OTSC, at 2); and the Court advising the plaintiff that any arguments as to why the action should remain here that are subjective in nature — <u>e.g.</u>, in the interests of justice, or

convenience of counsel — would fail, as "[s]uch a subjective approach to venue flies in the face of the specific venue rules propounded by Congress in Title VII cases", Trawick, 2006 WL 2372241, at *2 n.2; and it appearing that — in view of the mandatory venue provision at issue — a response from the defendants is not necessary; and

**THE PLAINTIFF** failing to respond to the Court's order to show cause; and the Court having advised the plaintiff that he would be deemed to support a transfer of venue if he failed to respond (OTSC, at 4); and thus the Court intending to (1) grant the order to show cause, and (2) transfer the action to the United States District Court for the Eastern District of Pennsylvania; and for good cause appearing, the Court will issue an appropriate order.

                                                  s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  April 4, 2008